# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Gerald Burdell | Civil Action No. 05-2219 |
| versus | Judge Tucker L. Melançon |
| Lowes Home Centers, Inc., et al | Magistrate Judge C. Michael Hill |

## MEMORANDUM RULING

Before the Court is an unopposed[1] motion for summary judgment filed by defendant, Georgia-Pacific Corporation (Georgia-Pacific), as to all claims asserted against it by plaintiff Gerald Burdell [Rec. Doc. 35]. For the reasons that follow, the motion will be granted.

### *I. Background*

This action arises from injuries allegedly sustained by plaintiff to his hand on November 25, 2004 when he was using a table saw to cut pieces of lumber in order to build some customized wooden cabinets. On November 21, 2005, plaintiff filed suit in the Sixteenth Judicial District Court, St. Martin Parish, Louisiana [Complaint, Rec. Doc. 1]. Defendants removed the action to this Court under diversity jurisdiction, 28 U.S.C. §1332 [Notice of Removal, Rec. Doc. 5; Consent to Removal, Rec. Doc. 8].

---

[1] The certificate of service included within Georgia-Pacific's Motion for Summary Judgment indicates that the Motion, along with defendant's Statement of Material Facts, exhibits and Memorandum in Support, were served *via* U.S. Mail on June 23, 2006. Pursuant to L.R. 7.5W and Fed.R.Civ.Proc.5 and 6, the deadline for filing any opposition to Georgia- Pacific's motion was July 11, 2006.

Plaintiff alleges that he purchased several hundred dollars worth of Top Choice Lumber Products from Lowe's Home Center located at 120 E. Gloria Switch Road in Lafayette and that these lumber products were manufactured by Georgia Pacific [Complaint, Rec. Doc. 1 at II and III]. Plaintiff alleges that the lumber was not cured properly and was still green so that the table saw blade was unable to cut through it properly [Id. at IV, VII]. Plaintiff claims that the lumber violently jerked while he was attempting to cut it, causing injuries to his right hand and fingers when his hand came in contact with the table saw [Id. at VII]. Plaintiff alleges that his injuries were caused by the wanton and gross negligence of defendants, including allowing an unreasonably defective product to exist for sale and use; allowing the sale of a product not reasonably fit for its intended use and purpose, failing to take corrective measures to rectify the defective and unreasonably dangerous condition, failing to exercise reasonable care, creating an unreasonable risk of harm to its patrons, and other acts of negligence [Id. at IX].

## II. *Motion For Summary Judgment Standard*

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ. P. 56(c). The movant bears the burden of establishing the propriety of summary judgment, and all pleadings and evidence are viewed in the light most favorable to the nonmovant. *Melton v. Teachers Ins. & Annuity Ass'n of America*, 114 F.3d 557, 559 (5th Cir.1997). As such, the movant must inform the court of the basis of its motion and identify the

portions of the record which reveal there are no genuine material fact issues. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The function of the court, therefore, is to make the threshold inquiry of determining whether there is a need for a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).[2] Once the movant makes this showing, the nonmovant must demonstrate that there is evidence in the record establishing that there is a genuine issue of material fact for trial. *Id.* at 323-24. To carry this burden, the opponent must do more than simply show some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A dispute as to a material fact is "genuine" under Rule 56(c) only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 251-52. The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to preclude a grant of summary judgment. *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir.1999). The opponent must present evidence sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. The court may properly enter summary judgment against a party if that party fails to establish the existence of an element essential to the case and as to which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 324-236. Summary judgment is also appropriate when the only issues to be decided in the case are issues of law, or when the non-moving

---

[2] *See also Crawford-El v. Britton*, 523 U.S. 574, 600 (1998) ("Summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial.").

party's claims are legally deficient. *Neff v. American Dairy Queen Corp.*, 58 F.3d 1063, 1065 (5th Cir.1995).

### III. Analysis

Georgia-Pacific moves for summary judgment, arguing that the Louisiana Products Liability Act, (LPLA), La.R.S.9:2800.51 *et seq.,* provides the exclusive theories of liability which can be asserted against product manufacturers under Louisiana law [Defendant's motion for summary judgment, Rec. Doc. 35 at 1; Defendant's memorandum at 4-5]. Georgia-Pacific further asserts that it has no responsibility under the LPLA for the injuries incurred by plaintiff because it did not manufacture or design the lumber products at issue and that it neither caused nor contributed to the November 25, 2004 accident [Defendant's memorandum, Id. at 5].

Plaintiff does not oppose Georgia-Pacific's motion. The fact that plaintiff did not file an opposition to Georgia-Pacific's motion, however, does not necessarily mean Georgia-Pacific should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, plaintiff's failure to file an opposition and statement of contested material facts requires the Court to deem Georgia-Pacific's statement of uncontested material facts admitted for purposes of the instant motion. Local Rule 56.2W.

The Louisiana Products Liability Act, La.R.S. 9:2800.51, *et seq.*, provides the exclusive theories of liability for manufacturers for damage caused by their products. *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254 at 261-262 (5th Cir. 2002). In order to maintain a successful products liability action pursuant to the LPLA, a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous"; and (4) that the claimant's damage arose from a reasonably anticipated use of the product. *Stahl v. Novartis Pharm. Corp.*, 283 F.3d at 260-61; *see* La.R.S. § 9:2800.54(A).

It is undisputed that Georgia-Pacific is not the manufacturer of the lumber products at issue [Defendant's Statement of Material Facts Not in Dispute, Rec. Doc. 35 at 1]. Further, Georgia-Pacific submits the affidavit of Richard C. Enlow, Manager of Technical Support for Georgia-Pacific's Building Products Division, which attests that the logo and mill stamp number on the subject lumber products indicates that Georgia-Pacific is not the manufacturer of the subject lumber products [Georgia-Pacific's motion for summary judgment, Rec. Doc. 35 at Exhibit 3]. Accordingly, plaintiff has not carried his burden of showing that there is evidence in the record establishing that there is a genuine issue of material fact for trial that a product manufactured by Georgia-Pacific caused the injuries alleged by plaintiff.

*IV. Conclusion*

Based on the record before the Court, including the unopposed Statement of Material Facts, Georgia-Pacific has no liability to plaintiff under the LPLA for the allegedly defective lumber in question, and therefore, Georgia-Pacific's motion for summary judgment will be granted.